## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SWCC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-1086-EFM-TJJ |
| | ) |
| ALLIED NATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER TO SHOW CAUSE**

In its Notice of Removal (ECF No. 1), Defendant asserts removal is proper because this court has subject matter jurisdiction over Plaintiff's Petition (ECF No. 1-1) under the federal question provision contained in 28 U.S.C. § 1331. According to Defendant, Plaintiff's claim against Defendant is "based upon and governed by ERISA."[1] Plaintiff alleges Defendant breached an Administrative Services Agreement the parties entered into on July 1, 2016 for administration of Plaintiff's self-insured health plan. Because the plan is an ERISA plan, Defendant asserts that "Plaintiff's claim against Allied should be characterized as a claim under one of the subsections of 29 U.S.C. § 1132(a)."[2]

ERISA Section 502(a), 29 U.S.C. § 1132(a), primarily acts to allow a participant or beneficiary in an ERISA plan to bring an action for benefits. It also permits participants, beneficiaries, and the Secretary of Labor to file actions against ERISA fiduciaries for breach of

---

[1] ECF No. 1 at 2.

[2] *Id.*

2

fiduciary duty, as well as other designated equitable claims.  It does not authorize suit by an ERISA plan for breach of contract of an agreement outside the plan.

Courts may exercise jurisdiction only when specifically authorized to do so, and must dismiss the cause at any time it becomes apparent that jurisdiction is lacking.[3]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.[4]  The party invoking federal jurisdiction bears the burden of showing jurisdiction is proper, and must demonstrate that the case should not be dismissed or removed.[5]  Conclusory allegations of jurisdiction are not enough.[6]

Accordingly, Defendant is hereby required to show good cause in writing to the Honorable Eric F. Melgren, United States District Judge, within **twenty (20) days** of the date of this order, why this case should not be remanded to the District Court of Sedgwick County for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of March, 2018.

Teresa J. James
U. S. Magistrate Judge

---

[3] *Scheideman v. Shawnee Cty. Bd of Cty. Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995); Fed. R. Civ. P. 12(h)(3).

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] *Jensen v. Johnson Cty. Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

[6] *Gonzalez v. Pepsico, Inc.,* 489 F. Supp. 2d 1233, 1237 (D. Kan. 2007).